IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SAMUEL R. NEEL, III,

    Petitioner,

v.                                          CASE NO. 4:14cv496-RH/CAS

JULIE L. JONES,

    Respondent.

_____/

## ORDER DENYING THE PETITION AND DENYING A CERTIFICATE OF APPEALABILITY

This petition for a writ of habeas corpus under 28 U.S.C. § 2254 is before the court on the magistrate judge's report and recommendation, ECF No. 20, and the objections, ECF No. 25. I have reviewed de novo the issues raised by the objections.

The report and recommendation correctly concludes that the petition should be denied. As set out there, a federal habeas court may set aside a state court's ruling on the merits of a petitioner's claim only if the ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the ruling "was based

on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). A long and ever-growing line of cases addresses these standards. *See, e.g.*, *Harrington v. Richter*, 562 U.S. 86 (2011); *Williams v. Taylor*, 529 U.S. 362 (2000); *Morris v. Sec'y, Dep't of Corr.*, 677 F.3d 1117 (11th Cir. 2012).

The petitioner Samuel R. Neel, III asserts three claims: ineffective assistance of his attorney in connection with a rejected plea offer and both judicial errors and ineffective assistance in connection with sentencing.

The plea-related claim is that the attorney misadvised Mr. Neel about gain time that would have reduced the actual time served under the plea offer. Mr. Neel rejected the offer and was convicted at trial. He was sentenced to life in prison. He asserts that, had he been properly advised, he would have accepted the state's offer of five years in prison, under which he would have served only two or three years.

The state court found after an evidentiary hearing on collateral review that Mr. Neel would not have accepted the plea offer even had he been fully and accurately advised of the available gain time. This was not "an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(2). This without more is fatal to Mr. Neel's claim.

There is also an alternative basis for rejecting this claim. The state court's finding that the attorney did not affirmatively misadvise Mr. Neel on gain time was

not an unreasonable determination of the facts. In light of that finding, the state court's ruling that the attorney did not have an affirmative duty to advise Mr. Neel on gain time—that the attorney did not render ineffective assistance by failing to fully advise Mr. Neel on this subject—was not "contrary to," and did not "involve[] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Mr. Neel says decisions of the United States Supreme Court and other courts suggest that an attorney must advise a defendant about gain time. That seems unlikely as a general proposition and, more importantly for present purposes, is most assuredly *not* clearly established by Supreme Court decisions. The lack of clear Supreme Court authority on this issue is fatal to Mr. Neil's claim, regardless of whether, as an original matter, a court might conclude that an attorney has an affirmative duty to advise a defendant about gain time.

Mr. Neel's sentencing-related claims are based in large part on state law. Mr. Neel asserts he was eligible for probation, that the state court could properly impose a prison sentence only upon making specific factual findings that the court did not make, and that the state court erroneously believed a sentence of life in prison was mandatory. In brief, Mr. Neel asserts the state court—and the state appellate court—got it wrong.

Relief on a federal habeas petition is available based on violations of the United States Constitution, not based solely on violations of state law. At some point a failure to follow state law can rise to the level of a due-process violation. But the issue of whether an unsettled state-law issue should be resolved one way or the other is an issue of state law than ordinarily does not implicate the federal constitution. Otherwise every state-law sentencing issue—and every other legal issue raised in a state criminal prosecution—would become a federal constitutional issue. In any event, the state courts are the final arbiters of state law; federal courts are not. By rejecting Mr. Neel's state-law sentencing claim, the state courts settled the issue of whether his sentence violated state law. And under these circumstances, the conclusion that the sentence did not violate state law puts to rest the claim that the sentence violated the federal Due Process Clause.

Rule 11 of the Rules Governing § 2254 Cases requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out

the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' "

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Mr. Neel has not made the required showing. This order thus denies a certificate of appealability.

For these reasons,

IT IS ORDERED:

1. The report and recommendation is accepted and adopted as the court's further opinion.

2. The clerk must enter judgment stating, "The petition for a writ of habeas corpus under 28 U.S.C. § 2254 is denied."

3. A certificate of appealability is denied.

4. The clerk must close the file.

SO ORDERED on March 17, 2017.

                                          s/Robert L. Hinkle
                                          United States District Judge